## Case No. 16,613.

UNITED STATES v. VEITCH.

[1 Cranch, C. C. 81.] [1]

Circuit Court, District of Columbia. April Term, 1802.

MISDEMEANORS—INDICTMENT—PROCESS.

A capias is the proper process upon an indictment for misdemeanor, found after service of a summons to show cause why an indictment or information should not be filed.

Indictment for retailing spirituous liquors. The first process was a summons to show cause why an information or an indictment should not be filed. Upon this summons the defendant [Peter Veitch] did not appear, and his default was recorded. The indictment was found at July term, 1801. and a capias issued returnable to October term. 1801.

Mr. Simms, for defendant, contended that a capias was not the legal process.

## Case No. 16,614.

UNITED STATES v. VEITCH.

[1 Cranch, C. C. 115.] [1]

Circuit Court, District of Columbia, March Term, 1803.

HOMICIDE—DYING DECLARATIONS.

On an indictment for murder, the declarations of the deceased, in extremis, and when sensible of approaching death, may be given in evidence as to facts, but not as opinions.

Indictment [against Alexander Veitch] for manslaughter of Richard Walker, on the 25th of February, 1803, by a stroke on the back of the neck, with a carpenter's iron square. He languished till the 5th of March following, and then died. The declarations of the deceased were offered in evidence on the part of the United States, and admitted by the court, being made in extremis.

Mr. Mason, for the United States, cited Drummond's Case (anno 1784), Leach, Crown Cas. 337 (case 165); Woodcock's Case, Id. 500 (case 231).

Mr. C. Lee, for the prisoner, contended that the rule was limited to the case of extremity

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

—in extremis; it must be the declaration of a dying man who is sensible of his situation.

The witness, Mr. Jamieson, stated that the declarations were made two days before the deceased became speechless and insensible, and three days before his death; that he was sensible of great danger of approaching death. Upon this testimony and considering the cases cited, THE COURT nem. con. admitted the declarations to be given in evidence, as to facts stated by the deceased but not as to his opinion of Veitch's motives, or malice.